STATE EX REL. YAGER, Appellant, vs. WILCOX, Respondent.

*February 3—February 24, 1914.*

*Opening default: Discretion.*

An order refusing to open a default and reinstate a cause is a discretionary order and will not be disturbed unless there was an abuse of discretion.

APPEAL from a judgment of the circuit court for Polk county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

Action of *quo warranto,* involving the title to the office of school district director. The action was commenced in the spring of 1911 in the circuit court for Polk county, was continued for cause shown at the February, 1912, term of court, was on the calendar for trial at the September, 1912, term of court, and when regularly reached on the 21st day of that month there was no appearance for the relator and judgment of dismissal was ordered. November 25, 1912, appellant moved to set aside the default and reinstate the case upon affidavits showing that there had been some negotiations for settlement before the September term; that Mr. Dorothy, the local attorney for the appellant, supposed that a settlement had been arranged between Mr. McGhee (an attorney of St. Paul, who was also acting for the appellant and who died September 19th) and the respondent, and for that reason was not present when the case was reached for trial. This motion

was opposed by affidavits tending to show that the settlement negotiations had failed and that appellant personally knew that fact on the 18th of September. It also appeared that the term of office had expired and that another person was holding the same when the action was dismissed, so that the only real question between the parties had become one of costs. The court denied the motion to reinstate the case and rendered judgment of dismissal, from which judgment this appeal is taken.

The cause was submitted for the appellant on the briefs of *Frank B. Dorothy,* and for the respondent on that of *Kennedy & Yates.*

WINSLOW, C. J. An order refusing to open a default and reinstate a cause is a discretionary order. No abuse of discretion appearing in the present case, the judgment must be affirmed.

*By the Court.*—It is so ordered.